# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 26-1604
(Filed: October 30, 2026)

| | |
|---|---|
| **DANNY-KAY POLK JR.,** | ) |
| *Plaintiff,* | ) |
| v. | ) |
| **UNITED STATES,** | ) |
| *Defendant.* | ) |

## ORDER OF DISMISSAL

Pro se plaintiff Danny-Kay Polk Jr. filed this matter on October 22, 2026. In the three-count complaint, Mr. Polk claims a Fifth Amendment taking and "unauthorized administration of beneficial interests" (Count I), due process violations (Count II), and "failure to satisfy public trust and accounting obligations" (Count III). ECF 1 at 2–3 (emphasis omitted; alterations to capitalization). Mr. Polk names the United States as defendant alongside other "Third Parties/Agents." *Id.* at 1–2. Mr. Polk seeks injunctive and declaratory relief as well as nearly $82 million in compensatory and punitive damages. *Id.* at 3.

Prior to filing this action, Mr. Polk filed a related case in the United States District Court for the Southern District of Texas (Houston Division), *Polk v. Harris Cnty. Dist. Crim. Fam. Ct.*, No. 25-5236 (S.D. Tex. Oct. 27, 2025), Dkt. No. 1. In both cases, although pleaded differently, Mr. Polk collaterally challenges his state prosecution in Harris County, Texas, on felony criminal charges of child sex abuse. *See Polk*, No. 25-5236 (S.D. Tex. Mar. 2, 2026), Dkt. No. 12 at 1–2 (citing *State v. Polk*, No. 1782781 (Tex. Dist. Ct. 182nd Dist. Harris County)). The Texas federal district court dismissed Mr. Polk's complaint and miscellaneous pleadings as frivolous, for failure to state a claim, and for lack of subject matter jurisdiction. *See id.*, Dkt. Nos. 12, 14, 17. This Court must similarly dismiss Mr. Polk's complaint for lack of subject matter jurisdiction.

Mindful that Mr. Polk is proceeding pro se, the Court construes his pleadings liberally. *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing cases). That

said, he must still establish the Court's jurisdiction by preponderant evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (per curiam) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). In accordance with Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." RCFC 12(h)(3); *accord Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

Under the Tucker Act, this Court's jurisdiction is limited to "claim[s] against the United States." 28 U.S.C. § 1491(a)(1); *United States v. Sherwood*, 312 U.S. 584, 588 (1941). "To meet this requirement, there must be 'substantive allegations' against the United States," and the allegations must be "non-frivolous, a requirement for jurisdiction." *Parenteau v. United States*, No. 24-2140, 2025 WL 1303664, at *2 (Fed. Cir. May 6, 2025) (first quoting *May Co., Inc. v. United States*, 38 Fed. Cl. 414, 416 (1997); and then citing *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021), *cert. denied*, 146 S. Ct. 378 (2025), *reh'g denied*, 146 S. Ct. 2615 (2026).

Even construing Mr. Polk's pleadings liberally, he makes no claim—substantive or otherwise—against the United States despite listing the federal government as defendant. Mr. Polk exclusively asserts factual allegations against various individuals, including state and local government officials and judicial officers, allegedly involved in his criminal prosecution in Harris County. ECF 1 at 1–2; ECF 1-1 at 2–5.[1] Although Mr. Polk cites "actions and omissions attributed to federal and associated state actors" as the basis for his claims, ECF 1-1 at 6, his pleadings fail to identify a federal official or agency or specify any federal action, despite breaking down his claims for relief and counts individual-by-individual, *id.* at 3–5. That most of Mr. Polk's individualized claims for relief end with the accurate (but presumably unintentionally included) statement that "[t]he Court has no jurisdiction or authority," *id.* at 3–4, undermines Mr. Polk's attempt to establish the Court's jurisdiction. Nor is there anything included in Mr. Polk's more general allegations to otherwise support non-frivolous claims against the United States. ECF 1 at 2–3.

This Court lacks subject-matter jurisdiction to adjudicate claims asserted against state agencies and employees. *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015) (per curiam) (citing *Sherwood*, 312 U.S. at 588). The same is

[1] Mr. Polk attached to his cover sheet an alternative version of his complaint which appears to repeat the same allegations but with added specificity as to each individually named defendant. *Compare* ECF 1-1 at 3–5, *with* ECF 1 at 1–3. Mindful of its obligation to construe his pleadings liberally, the Court reads the two jointly to encompass Mr. Polk's complaint.

true for claims brought against state court judges. *Jiron v. United States*, 118 Fed. Cl. 190, 199 (2014); *cf. Jaye v. United States*, 781 F. App'x 994, 998 (Fed. Cir. 2019) ("The Court of Federal Claims has no jurisdiction to review state court judgments." (citing *Potter v. United States*, 108 Fed. Cl. 544, 548 (2013)). "It is insufficient, without more, that the plaintiff literally name the United States as the sole defendant" to meet this Court's jurisdictional requirement under the Tucker Act. *Parenteau*, 2025 WL 1303664, at *2 (cleaned up). Because Mr. Polk does not raise any substantive allegations against the United States, his complaint must be dismissed.

Accordingly,

(1) The Clerk of Court is directed to **FILE** by leave of the Court the video received from plaintiff on October 22, 2206; and

(2) Plaintiff's complaint (ECF 1) is **DISMISSSED** for lack of subject-matter jurisdiction. The Clerk of Court is directed to **ENTER** judgment accordingly.

It is so **ORDERED**.

s/ Armando O. Bonilla
Armando O. Bonilla
Judge